IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDDIE EUGENE WOOD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-465-WKW |
| | ) | [WO] |
| CITY OF MONTGOMERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is Plaintiff Freddie Eugene Wood, Jr.'s motion to remand this action to state court. (Doc. # 3; *see also* Doc. # 14.) Plaintiff argues that the removal was procedurally defective on several grounds, including that the removal violated the rule of unanimity, which requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The motion is due to be denied because Plaintiff has waived his right to challenge procedural defects in the removal.

"A procedural defect in removal . . . does not affect the federal court's subject matter jurisdiction and therefore may be waived." *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996). "A party that engages in affirmative activity in federal court typically waives the right to seek a remand . . . ." *Id.* For example, a plaintiff who moves for leave to file an amended complaint in federal court has engaged in affirmative activity and consents to proceeding in federal court. *See id.*

("By the mere filing of an amended petition" after removal, the plaintiff "consented to accept the jurisdiction of the United States court"); *Petersen v. Cnty. of Stanislaus*, No. 1:12-CV-933-AWI, 2013 WL 150062, at *2 (E.D. Cal. Jan. 14, 2013) ("Seeking leave of court to file an amended complaint through the filing of a formal motion for leave to file an amended pleading is . . . an affirmative action through which a plaintiff consents to the jurisdiction of the district court.").

Here, after Defendants' removal of this action to federal court, Plaintiff engaged in affirmative activities. He filed an amended complaint. (Doc. # 6.) He also now has pending a motion for leave to file a second amended complaint to "streamline the complaint, narrow the issues, and bring the complaint into compliance with" Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. (Doc. # 52.) Both the amendment and proposed amendment to the complaint expressly invoke this court's subject matter jurisdiction under 28 U.S.C. § 1331. (*See* Doc. # 6, at 2; Doc. # 52-1, at 4.) By amending his complaint and seeking to amend it a second time, Plaintiff has consented to the jurisdiction of this court and has waived his right to challenge any procedural defects in the removal.[1]

---

[1] Alternatively, even if waiver had not occurred, Plaintiff's assertions of alleged procedural defects in the removal lack merit. Defendants complied with the statutory prerequisites for removal. Namely, after Defendants Alabama Board of Medical Examiners and Stan Ingram removed this action (Doc. # 1), the remaining Defendants timely filed notices of consent to removal (Docs. # 24–27). *See generally* 28 U.S.C. § 1446(b)(2)(A)–(C). Additionally, the initial removing Defendants satisfied the notice requirements in § 1446(d) by mailing their notice of removal to Plaintiff (Doc. # 1, at 4) and by filing a copy of the notice of removal with the Clerk of the Circuit Court of Montgomery County (Doc. # 1, at 2; Doc. # 1-3).

3

Based on the foregoing, it is ORDERED that Plaintiff's motion to remand (Doc. # 3) is DENIED.

DONE this 10th day of December, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
