IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDDIE EUGENE WOOD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-465-WKW-SMD |
| | ) | |
| DARYL BAILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Freddie Eugene Wood, Jr. ("Wood") brings constitutional and common law claims against District Attorney Daryl Bailey ("Bailey")[1] and Deputy District Attorney John Joseph Groos III ("Groos")[2] arising from his State criminal prosecution. In their Motion to Dismiss (Doc. 64), Bailey and Groos argue that Wood's claims are barred by Eleventh Amendment and absolute prosecutorial immunity. The undersigned agrees and recommends that the Motion to Dismiss be granted.

**I.    BACKGROUND**

In his Second Amended Complaint (Doc. 59), Wood states that in August 2015 he visited the emergency room at Jackson Hospital in Montgomery, Alabama, complaining of back pain and high blood pressure. 2d. Am. Compl. (Doc. 59) p. 4. After being triaged, Wood spoke with a physician about his back pain and high blood pressure. *Id.* at 4-5. Wood

---

[1] Bailey is the District Attorney for the Fifteenth Judicial Circuit of Alabama. 2d Am. Compl. (Doc. 59) pp. 3-4; Mot. (Doc. 64) p. 4.

[2] Groos is a Deputy District Attorney for the Fifteenth Judicial Circuit of Alabama. 2d. Am. Compl. (Doc. 59) p. 4; Mot. (Doc. 64) p. 4.

and the physician disagreed about the proper course of treatment for his conditions. *Id.* at 5.

In February 2016, Wood filed a complaint with the Alabama Board of Medical Examiners ("ABME"), alleging professional misconduct against the physician. *Id.* After an investigation, Wood was charged in Alabama's Fifteenth Judicial Circuit with Deceptively Obtaining a Prescription. *Id.* The criminal case was ultimately dismissed in January 2020. *Id.* at 6.

After the State criminal matter concluded, Wood filed suit in the Circuit Court of Montgomery County, Alabama, asserting federal and state law claims against various government officials. Defendants removed the case to this Court. Not. of Removal (Doc. 1). Following removal and Wood's two amended complaints (Docs. 6, 59), Bailey and Groos filed a Motion to Dismiss (Doc. 64), which is currently pending before the Court.

## II. WOOD'S CLAIMS

### A. Claims against Bailey

Wood asserts two 42 U.S.C. § 1983 claims against District Attorney Bailey, in both his official and individual capacities. First, he alleges supervisory liability based on Bailey's failure to train his subordinates. 2d Am. Compl. (Doc. 59) p. 10. Wood contends that Bailey "knew or reasonably should have known that [his] subordinate[] Groos . . . [was] engaging in [] unlawful acts[,]" and that Groos's conduct "was depriving [Wood] of his constitutional rights." *Id.* at 11. He further asserts that Bailey "inadequately trained, supervised, and controlled . . . Groos[,]" "acquiesced in the deprivation of [Wood's] constitutional rights," and "acted in a manner that showed reckless and callous indifference

2

to the rights of [Wood]." *Id.* Wood also alleges that Bailey "willfully and knowingly maintain[ed], enforce[d], and appl[ied] a custom[,] practice, policy[,] and usage tending to encourage, promote, sanction, tolerate, maintain[,] and ratify a system of grossly inadequate training of attorneys[.]" *Id.* at 11-12. Wood then lists the following as support for his allegations of inadequate training:

- Bailey failed to instruct Groos that it was Groos's responsibility "to inform witnesses who testified before the grand jury that it is the duty of the witness to tell the truth at all times during his or her testimony[,]" *id.* at 12;

- Bailey did not instruct Groos that it was Groos's "ethical [] and legal duty to disclose evidence to the grand jury that tended to show the innocence of a person who is the target of a grand jury investigation[,]" *id.*;

- Bailey did not inform Groos that is was Groos's duty to "refrain from eliciting testimony from a grand jury witness who [] Groos knew to be testifying untruthfully[,]" *id.*;

- Bailey failed to direct Groos to "carefully screen cases at the pre-grand jury stage of an investigation to avoid obtaining a grand jury indictment that has no foundation in law or fact, and which is not supported by the evidence[,]" *id.*;

- Bailey did not instruct Groos to "independently review and evaluate the evidence in all matters referred for investigation and prosecution, and to not simply rely upon the findings and recommendation of investigators[,]" *id.* at 12-13;

3

- Bailey failed to direct Groos to "at all times respect the rights, privileges[,] and immunities of persons who are grand jury targets as guaranteed by the Constitution of the United States[,]" *id.* at 13;

- Bailey did not "adequately train, supervise[,] and monitor all attorneys and investigators employed by [t]he [District Attorney's office], including . . . Groos[,]" *id.*; and

- Bailey did not instruct all "investigators and attorneys . . . to make inquiry, where needed, of potential personal animus or ulterior motive of investigatory personnel who refer a matters [sic] to the [District Attorney's office] for investigation and prosecution[,]" *id.* at 13-14.

Second, Wood asserts a failure to intervene claim. *Id.* at 14. He alleges that Bailey, "while acting under color of state law as the District Attorney, stood by without intervening to prevent the violation(s) of [Wood's] constitutional rights, even though he was present and had the opportunity to intervene." *Id.* Wood further contends that Bailey "had an affirmative duty to intervene to protect the constitutional rights of the plaintiff from infringement by his subordinates . . . which violations occurred in the presence of [] Bailey." *Id.* at 14-15. Wood then alleges that Bailey breached that duty because "(i) he was present at his office as the District Attorney of Montgomery County; (ii) he acquired actual knowledge of the ongoing violation(s) of plaintiff's constitutional rights; (iii) he had a realistic opportunity to stop the said violations; and (iv) he failed to stop said violation(s)." *Id.* at 15. Wood concludes by asserting that the "misconduct of [] Bailey was objectively

unreasonable and was taken intentionally with deliberate indifference to plaintiff's constitutional rights." *Id.*

### B. Claims against Groos

Wood asserts two § 1983 claims and two state-law claims[3] against Deputy District Attorney Groos in both his official and individual capacities. First, Wood alleges a malicious prosecution claim based on a violation of his Fourth Amendment rights. *Id.* at 6. After giving a detailed procedural history of his State criminal case, Wood states that the "actions of [] Groos . . . shock[] the conscience, and . . . [Groos] acted with conscious and deliberate indifference to [Wood's] constitutional rights, and with the purpose of depriving [Wood] of such rights, unrelated to any legitimate law enforcement purpose." *Id.* at 6-8. Wood concludes this claim by asserting that Groos "committed the afore mentioned [sic] acts and omissions knowingly, willfully, and with malice, and with the intent to harm, injure, vex[,] and harass [Wood], with conscious disregard of [Wood's] known rights[.]" *Id.* at 8.

Next, Wood asserts a conspiracy to violate civil rights claim. *Id.* at 9. He alleges that, while acting under color of state law, Groos, with Defendants David Tibbs ("Tibbs") and Stan Ingram ("Ingram"), "conspired, agreed, and federated by and between themselves to initiate an investigation and criminal prosecution of [Wood] without justification or probable cause for the offense of Deceptively Obtaining a Prescription." *Id.* Wood

---

[3] Based on the undersigned's recommendation that Wood's federal claims against Groos be dismissed with prejudice pursuant to Eleventh Amendment immunity and absolute prosecutorial immunity, the undersigned further recommends, and will explain more fully below, that the Court should exercise supplemental jurisdiction over Wood's pendant state law claims against Groos and dismiss them with prejudice.

5

contends that, upon service of the indictment, he "suffered an unlawful and unreasonable seizure of his person in violation of the Fourth Amendment when he was arrested[.]" *Id.* at 10. Wood then repeats his contention that Groos, Tibbs, and Ingram "instituted the criminal prosecution with malice and without probable cause[,]" and further asserts that they "intentionally and/ or recklessly cause[d] [Wood] to suffer extreme emotional distress[.]" *Id.*

### III. LEGAL STANDARDS

#### A. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and— like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

### B. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Twombly*, 556 U.S. at 555). The Eleventh Circuit explains that "complaints . . . must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n. 2 (11th Cir. 2010) (internal quotation and citation omitted). To determine whether a plaintiff has stated a claim, the court should first "eliminate any allegations in the complaint that are merely legal conclusions" and then determine whether the well-pleaded factual allegations of the complaint—assuming their veracity—plausibly give rise to an entitlement to relief. *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation and citation omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### IV. ANALYSIS

Wood alleges his § 1983 claims against Bailey and Groos in both their official and individual capacities. *See* 2d Am. Compl. (Doc. 59) pp. 3-4. As to the official capacity claims, Bailey and Groos argue that, because they were acting as prosecutors when the

7

alleged constitutional violations occurred, and because Wood is seeking money damages, they are entitled to Eleventh Amendment immunity. Mot. (Doc. 64) p. 2. With respect to the individual capacity claims, they assert that they are entitled to absolute prosecutorial immunity. *Id.* The undersigned finds these arguments persuasive and for the reasons below recommends that Wood's federal claims against Bailey and Groos, in both their official and individual capacities, be dismissed with prejudice. The undersigned further recommends that the Court exercise supplemental jurisdiction over Wood's state law claims against Groos and dismiss them with prejudice.

### A. Federal Claims Against Bailey and Groos

#### i. Wood's federal claims against Bailey and Groos in their official capacities are barred by Eleventh Amendment Immunity.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has interpreted the Eleventh Amendment as barring suits by a citizen against his own state, under federal or state law, unless the state has waived its sovereign immunity or Congress has abrogated that immunity under § 5 of the Fourteenth Amendment. *Attwood v. Clemons*, 818 F. App'x 863, 867 (11th Cir. 2020) (citing *Hans v. Louisiana*, 134 U.S. 1, 10-15 (1890); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000)).

Official capacity suits are simply another way of pleading an action against the official's employing agency. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Bailey

and Groos are both considered state officials for Eleventh Amendment purposes, and official capacity claims against them are claims against the State of Alabama. Bailey is the District Attorney and Groos is a Deputy District Attorney for the Fifteenth Judicial Circuit of Alabama. 2d Am. Compl. (Doc. 59) pp. 3-4; Mot. (Doc. 64) p. 4. Under Alabama law, all District Attorney's offices are considered agencies of the State of Alabama and their employees are considered state employees. *See Garret v. Talladega Cnty. Drug & Violent Crime Task Force*, 983 F. Supp. 2d 1369, 1376 (N.D. Ala. 2013); *see also Hooks v. Hitt*, 539 So. 2d 157, 159 (Ala. 1988) ("By virtue of the fact that a district attorney is a state employee, we conclude that those in his employ are also state employees."); *see also Summit Med. Assoc., P.C. v. Pryor*, 180 F.3d 1326, 1342 (11th Cir. 1999).

The State of Alabama has not waived its sovereign immunity. Article One, Section Fourteen of the Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." ALA. CONST. Art. I. § 14. This provision makes Alabama state officials immune from suit in their official capacities. *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996).

In *Ex Parte Young*, the Supreme Court carved out an exception to sovereign immunity, holding that suits alleging a violation of the U.S. Constitution against a state official in his official capacity—for prospective injunctive relief—are not suits against the state, and thus do not violate the Eleventh Amendment. *Attwood*, 818 F. App'x at 867 (citing *Ex Parte Young*, 209 U.S. 123, 155-56 (1908)); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) ("[W]hen a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the state

9

for sovereign-immunity purposes."). "To determine whether *Ex Parte Young* permits a suit against a state official, we 'need only conduct a straightforward inquiry into whether [the] complaint alleged an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Attwood*, 818 F. App'x at 867 (alterations in original) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Here, Wood seeks money damages, not prospective injunctive relief. 2d Am. Compl. (Doc. 59) p. 16. Therefore, the *Ex Parte Young* exception does not apply, and Bailey and Groos are entitled to Eleventh Amendment immunity shielding them from Wood's official capacity claims for money damages. *Tinney*, 77 F.3d at 383.

### ii. Wood's federal claims against Bailey and Groos in their individual capacities are barred by absolute prosecutorial immunity.

"Prosecutors have absolute immunity from § 1983 individual capacity claims for actions they take in the 'initiation and pursuit of criminal prosecution.'" *Thorpe v. Dumas*, 788 F. App'x 644, 648 (11th Cir. 2019) (per curiam) (quoting *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)); *see also Imbler v. Pachtman*, 424 U.S. 409, 427-26 (1976) (holding that the traditional common law immunities for prosecutors applied to civil cases brought under 42 U.S.C. § 1983). Put differently, "'A prosecutor is entitled to absolute immunity for all actions he takes while performing his functions as an advocate for the government' in the judicial phase of the criminal process." *Hoffman v. Off. of State Att'y, Fourth J. Cir.*, 793 F. App'x 945, 950 (11th Cir. 2019) (per curiam) (quoting *Rivera v. Leal*, 359 F.3d, 1350, 1353 (11th Cir. 2004)). This prosecutorial function includes "initiating a prosecution and [] presenting the State's case, and for actions that are

intimately associated with the judicial phase of the criminal process." *Mikko v. Cty. of Atlanta, Ga.*, 857 F.3d 1136, 1142 (11th Cir. 2017) (internal quotations and citation omitted); *see also Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) ("Prosecutors are immune for appearances before a court and conduct in the courtroom[.]"); *see also Watson v. Fla. J. Qualifications Comm'n*, 746 F. App'x 821, 824 (11th Cir. 2018) (citing *Buckely v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *Fullman v. Graddick*, 739 F.2d 553, 558-59 (11th Cir. 1984) (explaining that immunity applies where a prosecutor prepares for the initiation of judicial proceedings for trial and also where the prosecutor uses false testimony and suppresses exculpatory evidence at trial).

Prosecutorial immunity does not apply "when a prosecutor is not acting as an officer of the court but is instead engaged in certain investigative or administrative tasks." *Hart*, 587 F.3d at 1296. Prosecutors are not immune for "conducting investigative work before an arrest, . . . making statements to the press, . . . and providing legal advice to police regarding pre-indictment investigation techniques." *Id.* (citations omitted). The analysis of a prosecutor's actions is functional; courts consider the nature of the function that the defendant performed, not the defendant's job title. *Thorpe*, 788 F. App'x at 648 (citing *Hart*, 587 F.3d at 1294-95). The function the defendant engages in is covered by prosecutorial immunity if it is "intimately associated with the judicial phase of the criminal process[.]" *Hart*, 587 F.3d at 1295.

Here, both Bailey and Groos are entitled to prosecutorial immunity in their individual capacities. First, as to Wood's claims against District Attorney Bailey, both the supervisor liability and failure to intervene claims are barred. Wood's allegations against

Bailey all arise from his alleged failure to supervise or intervene in the context of Groos carrying out his prosecutorial function; specifically in the grand jury proceeding that led to Wood's indictment. *See* 2d Am. Compl. (Doc. 59) pp. 10-16.

In *Van de Kamp v. Goldstein*, the plaintiff sued a former district attorney for failing to adequately train subordinate prosecutors on providing defense counsel with certain impeachment-related information. 555 U.S. 335, 340, 343-44 (2009). The Supreme Court held that the former district attorney was entitled to absolute prosecutorial immunity. *Id.* at 344. The Court reasoned that prosecutors "involved in such supervision . . . enjoy absolute immunity from the kind of legal claims at issue here." *Id.* The Court then described the plaintiff's claims as "focus[ing] upon a certain kind of administrative obligation—a kind that itself is directly connected with the conduct of a trial." *Id.* It then pointed out that "here . . . an individual prosecutor's error in the plaintiff's specific criminal trial constitutes an essential element of the plaintiff's claim." *Id.* The Court concluded that "the type of activities on which [plaintiff's] claims focus necessarily require legal knowledge and the exercise of related discretion, e.g., in determining what information should be included in the training[,]" and stated that "[g]iven these features . . . absolute immunity must follow." *Id.*

Like the plaintiff in *Van de Kamp*, Wood brings claims against Bailey, a district attorney, that hinge on alleged mistakes made by Groos, his subordinate, in criminal proceedings. He alleges that Bailey (1) failed to adequately train Groos regarding how to handle evidence and engage with witnesses in a grand jury proceeding and (2) failed to intervene to prevent these mistakes. Am. Compl. (Doc. 59) pp. 10-16. Although training

12

may seem generally administrative in nature, the specific type of training and intervention that Wood contends was lacking here would certainly require legal knowledge and prosecutorial discretion. Further, with respect to the failure to intervene claim, Wood alleges that Bailey did not intervene during Groos's prosecution of the criminal case. Therefore, these claims are barred by absolute prosecutorial immunity.

Wood's malicious prosecution claim against Groos is also barred. "'[A]t common law, "[t]he general rule was, and is, that a prosecutor is absolutely immune from suit for malicious prosecution."'" *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010) (alterations in original) (quoting *Malley v. Briggs*, 475 U.S. 335, 342 (1986) (quoting *Imbler*, 424 U.S. at 437)). "Absolute immunity accordingly applies to the prosecutor's actions 'in initiating a prosecution and in presenting the State's case.'" *Id.* (quoting *Imbler*, 424 U.S. at 431). "Prosecutors are immune for appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing." *Id.* at 837-38 (citing *Burns v. Reed*, 500 U.S. 478, 490-92 (1991); *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997)). "'A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate.'" *Id.* at 838 (quoting *Jones*, 174 F.3d at 1281). "Such absolute immunity also 'extends to a prosecutor's acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Id.* (alterations in original) (quoting *Jones*, 174 F.3d at 1281).

Here, to the extent Wood makes any factual allegations related to his malicious prosecution claim, those allegations are all connected to Groos's role as an advocate for the State. Wood first claims that Groos "wrongfully caused [him] to be indicted by the Grand Jury of Montgomery County, Alabama[.]" 2d Am. Compl. (Doc. 59) p. 7. Grand jury proceedings are squarely within a prosecutor's function as an advocate. *See Rehberg*, 611 F.3d at 837-38. Wood's only other mention of Groos's actions is when he generally alludes to the "criminal prosecution," and criminal prosecution is undoubtedly related to Groos's prosecutorial function. As such, Wood's malicious prosecution claim against Groos is barred by absolute prosecutorial immunity.

Finally, Wood's conspiracy claim against Groos is similarly barred by absolute prosecutorial immunity. "A prosecutor cannot be liable for 'conspiracy' to violate a defendant's constitutional rights by prosecuting him if the prosecutor also is immune from liability for actually prosecuting the defendant." *Rehberg*, 611 F.3d at 854 (citing *Rowe v. Cty. of Ft. Lauderdale*, 279 F.3d 1271, 1282 (11th Cir. 2002)). In other words,

> [a] prosecutor only can be liable for conspiracy "if his agreement to join the conspiracy or conduct knowingly done in furtherance of it occurred while he was not in his prosecutorial role. [A prosecutor] cannot. . .be held liable for conspiring to violate a [a person's] rights by prosecuting him, because he is absolutely immune from liability for" that prosecution.

*Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (alterations in original) (quoting *Rowe*, 279 F.3d at 1282).

Here, Wood alleges that Groos and others "conspired . . . to initiate an investigation and criminal prosecution of Plaintiff[.]" 2d Am. Compl. (Doc. 59) p. 9. He alleges no well-pleaded facts concerning Groos's role in the alleged conspiracy that would take him outside

14

his role as prosecutor. Therefore, the conspiracy claim against Groos is also barred. Accordingly, Wood's federal individual capacity claims against Bailey and Groos should be dismissed.

### B. State Law Claims Against Groos

Wood also brings State law claims against Groos for Malicious Prosecution and Outrage/Intentional Reckless Infliction of Emotions Distress. *Id.* at 16-21. These claims are based on the same facts alleged in Wood's § 1983 claims against Groos. Accordingly, they are also barred by absolute prosecutorial immunity.

### V. CONCLUSION

Accordingly, it is the

RECOMMENDATION of the undersigned that Bailey and Groos's Motion to Dismiss (Doc. 64) be GRANTED, and that all his claims against Bailey and Groos be DISMISSED with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 19, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of August, 2022.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE