IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDDIE EUGENE WOOD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-465-WKW |
| | ) | [WO] |
| DARYL BAILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Freddie Eugene Wood, Jr., brought this action against five state officials after the state court dismissed, with leave to reinstate, the indictment against him for deceptively obtaining a prescription in violation of Alabama law. On December 20, 2021, seeking compensatory and punitive damages, Plaintiff filed the governing Second Amended Complaint, alleging Fourth Amendment violations under 42 U.S.C. § 1983 and state law claims against Defendants in their individual and official capacities. (*See* Doc. # 59.) Defendants and their positions at the time of the alleged infringements are: (1) Daryl Bailey, the district attorney for Alabama's Fifteenth Judicial Circuit; (2) John Joseph Groos III, the deputy district attorney for Alabama's Fifteenth Judicial Circuit; (3) Michael Thomas, the chief investigator for the district attorney for Alabama's Fifteenth Judicial Circuit; (4) David Tibbs, an investigator for the district attorney for Alabama's Fifteenth

Judicial Circuit; and (5) Stan Ingram, an investigator with the Alabama Board of Medical Examiners.

Responding to the Second Amended Complaint, Defendants Thomas, Tibbs, Bailey, and Gross filed motions to dismiss. (Docs. # 62, 63, 64). Defendant Ingram filed an answer, followed by a motion for summary judgment. (Docs. # 66, 68). All Defendants rely on multiple immunity grounds, such as Eleventh Amendment immunity, absolute prosecutorial immunity, and qualified immunity. Plaintiff filed responses in opposition to the motions (Docs. # 70, 71, 79), and Defendants filed replies (Docs. # 75, 76, 78, 82).

On August 5, 2022, the Magistrate Judge entered a Recommendation on each of Defendants' motions (Docs. # 94, 95, 96, 99), recommending that the court grant them all. On August 29, 2022, Plaintiff filed objections to each of the Magistrate Judge's Recommendations. (Docs. # 102, 103, 104, 105.)

Having reviewed all Plaintiff's objections and having conducted a *de novo* review of the record, *see* 28 U.S.C. § 636, the court concludes that the Magistrate Judge's Recommendations are correct. The Magistrate Judge has fairly summarized the relevant facts and has correctly applied the governing principles of law. Plaintiff's objections do not undermine or meaningfully address the Recommendations' analyses. Because the objections lack merit, they will be overruled, and the Recommendations will be adopted.

Also before the court is Plaintiff's Leave of Notice to Appeal (Doc. # 107) the Magistrate Judge's Order (Doc. # 106) denying Plaintiff's Rule 56(d) motion to conduct discovery related to Defendant Ingram's motion for summary judgment. The Leave of Notice of Appeal (Doc. # 107) is construed as a motion for reconsideration of the Magistrate Judge's Order under 28 U.S.C. § 636(b)(1)(A). Based upon careful consideration, it is ORDERED that the motion (Doc. # 107) is DENIED because the Magistrate Judge's Order (Doc. # 106) is neither clearly erroneous nor contrary to law. *See id.* at § 636(b)(1)(A).

It is therefore ORDERED:

1. Plaintiff's objections (Docs. # 102, 103, 104, 105) are OVERRULED;

2. The Recommendations (Docs. # 94, 95, 96, 99) are ADOPTED;

3. The motions to dismiss (Docs. # 62, 64), filed by Defendants Bailey, Groos, and Thomas, are GRANTED, and Plaintiff's claims against these Defendants are DISMISSED with prejudice.

4. Defendant Tibbs's motion to dismiss (Doc. # 63) is GRANTED as to the federal law claims and as to the state law claims against Tibbs in his official capacity.

5. Defendant Tibbs's motion to dismiss (Doc. # 63) is DENIED as moot as to Plaintiff's state law claims against Tibbs in his individual capacity. The court declines to exercise supplemental jurisdiction over Plaintiff's state law claims

against Tibbs in his individual capacity, and these claims are DISMISSED without prejudice under 28 U.S.C. § 1367(d).

6. Defendant Ingram's motion for summary judgment (Doc. # 68) is GRANTED as to Plaintiff's federal law claims against Ingram and as to Plaintiff's state law claims against Defendant Ingram in his official capacity.

7. Defendant Ingram's motion for summary judgment (Doc. # 68) is DENIED as moot as to Plaintiff's state law claims against Ingram in his individual capacity.  The court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Ingram in his individual capacity, and these claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(d).

Final judgment will be entered separately.

DONE this 29th day of September, 2022.

                                           /s/   W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE